UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-l(b)

Rhonda E. Greenblatt, Esq.
Attorney at Law
Central Park East
222 New Road, Suite 302
Linwood, NJ 08221
(609) 927-9227 (Phone)
(609) 927-9233 (Fax)
greenblattlawfirm@gmail.com

Case No.:20-17390

Judge:Altenburg, Jr.

Chapter:13            13

In Re:

Johanna Kensky,
Debtor

## CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following (choose one):

1.  [X] Cross-Motion for Relief from the Automatic Stay filed by creditor, <u>James E. Fifth</u>

    A hearing has been scheduled for December 15, 2020 at 10:00 a.m.

    [ ] Motion to Dismiss filed by the Chapter 13 Trustee.

A hearing has been scheduled for _____, at_____.

[ ] Certification of Default filed by_____

I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons (choose one):

☐ Payments have been made in the amount of S _____, but have not been accounted for. Documentation in support is attached.

[X] Payments have not been made for the following reasons and debtor proposes repayment as follows (explain your answer):

The validity, classification and amount, if any, of Mr. Fifth's claim and purported security interest is disputed and is subject to further litigation in the state court. Mr. Fifth improperly and fraudulently obtained a default judgment in the state court. My attorney has filed a motion for limited relief from the automatic stay in order to allow my special counsel, Mr. McFadden, to vacate the improperly and fraudulently obtained judgment and assert my defenses and pursue my counterclaims against Mr. Fifth.

At the time I filed my bankruptcy petition, his default judgment was the subject of a motion to vacate the default. I have retained Louis McFadden, Esq. as special Counsel to represent me in the state court action, once I obtain limited relief from the automatic stay to pursue the motion to vacate the default judgment and other defenses and counterclaims against Mr. Fifth. Mr. Fifth's claim is not only unsecured, but his claim, if any, is unliquidated and must be resolved in state court.

My attorney also recently filed a motion to object to the claim filed by Mr. Fifth, objecting to the validity, classification and amount, if any, of the claim. My attorney has filed a motion for limited relief from the automatic stay so that Mr. McFadden, who has been retained in this case as special counsel with regard to the state court, action can resume his motion to vacate Mr. Fifth's improperly and fraudulently obtained state court judgment and resolve the litigation. I have certain defenses and a counterclaim against Mr. Fifth in the state court action. The Motion to vacate was pending when my bankruptcy case was filed. This motion was not delayed. The validity of Mr. Fifth's security interest and amount of his claim, if any, is disputed and subject to further litigation in the state court.

The state court litigation will resolve the amount, if any, of Mr. Fifth's claim. Once that is resolved, any money owed to him will be paid through my Chapter 13 Plan. If the state court vacates the improperly and fraudulently obtained judgment, it is my understanding that Mr. Fifth's claim, if any would be unsecured and not entitled to any adequate protection payments and would be paid the same as any other unsecured creditor. There is no hardship or prejudice to Mr. Fifth, because the money is being held by the bank pending the resolution of the state court action.

If anything, this has caused a hardship and prejudice to me since I can not access the funds in my savings account to make trustee payments or access any of the funds to finish the repairs on my damaged house so that I can make it habitable and move back into my home.

The bank account that is the subject matter of Mr. Fifth's Cross-Motion is owned by both me and my daughter. I understand that is it also property of the estate.

[X] Other (explain your answer): See above. See also the accompanying Certification of Louis McFadden, Esq. also filed in response to this Cross-Motion.

3. This certification is being made in an effort to resolve the issues raised in the certification of default or motion.

4. I certify under penalty of perjury that the above is true.

Date: December 8, 2020

/s/ Johanna Kensky

Debtor's Signature

Date:

Co-Debtor's Signature

NOTES:

1. Under D.N.J. LBR 4001-1 (b)(l), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2. Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

rev.8/1/15