UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

---

Caption in Compliance with D.N.J. LBR 9004-1(b)

**Rhonda E. Greenblatt, Esq.**
**222 New Road, Suite 302**
**Linwood, NJ 08221**
**(609) 927-9227 (Phone)**
**(609) 927-9233 (Fax)**
**Attorney for the Debtor**

| In Re: | Case No.: 20-17390-ABA |
|---|---|
| **Johanna Kensky,** | Judge: Altenburg, Jr. |
| **Debtor** | Chapter: 13 |

CERTIFICATION OF LOUIS P. MCFADDEN, JR.
IN OPPOSITION TO: 1.) JAMES A. FIFTH'S OBJECTION TO
DEBTORS APPLLICATION FOR LIMITED LIFTING OF STAY, AND
2.) JAMES FIFTH'S CROSS MOTION TO LIFT STAY TO ENFORCE
WRIT OF EXECUTION ON DEBTOR'S BANK FUNDS

I, Louis P. McFadden, Jr. being of sound mind and body do hereby certify as follows:

1. I am an attorney admitted to practice in New Jersey and in good standing with the New Jersey State Bar. I represent the Debtor, Johanna Kensky, in a state court motion to vacate James Fifth's default judgment against the Debtor, pursuant to this Court's order appointing my firm for that purpose.

2. Mr. Fifth's only filed proof of claim arises from alleged services he provided to Debtor as a property damage insurance adjuster. If Debtor's motion to vacate his default judgment in the New Jersey state court action is granted, my intention is to file an Answer and Counterclaim against Mr. Fifth, challenging the entirety of his claim for compensation and asserting a

counterclaim for breach of contract, consumer fraud, and abuse of process.

3. I have corresponded with the state court judge's law clerk in the past two weeks who was informed me that the judge is abiding by this Court's decision on the pending motion before taking further action in the state case.

4. I make the same observation that I made in Paragraph 5 to my previously filed certification about Mr. Fifth's counsel's current objection. "Mr. Fifth's attachment of exhibits to his objection that relate to the state case is misplaced and his papers fail to provide any description of the issues raised by Debtor in her state court motion to vacate default judgment. That motion consists of 10 exhibits and a 47-page statement of facts and brief supporting the position that Mrs. Kensky never received personal service of the complaint (and Mr. Fifth's counsel never provided copies of any pleadings confirming service of process upon Mrs. Kensky to undersigned counsel until he obtained judgment by default), and that Mr. Fifth perpetrated a fraud on the state court by filing affidavits in support of substitute service that were patently false and misleading, and further failed to comply with the New Jersey Court Rules prescribing the mandatory process for obtaining service of a complaint."

5. I also restate Paragraph 7 of that prior certification as it also applies to the Mr. Fifth's recent objection. "To the extent that Mr. Fifth's purpose in filing a <u>portion</u> of his documents from the state court docket is to persuade this Court that his default judgment is somehow not subject to being vacated by the state court, such argument is not relevant to the retention of undersigned counsel. If I am retained by the trustee to resume the representation of the Debtor in the state court case, my first action after an order lifting the 362 Stay will be to file the necessary application to reinstate the state case and prosecute the filed motion to vacate the default judgment in the state court." (emphasis added). His current objection is also unrelated to lifting the stay as he continues to argue the merits of the state court action before this Court.

6. The essence of Mr. Fifth's meritless objection is asking this Court to effectively grant a summary dismissal of the Debtor's state court motion to vacate his judgment, without

providing any citation to court rule, case authority, or statute.

7. By the continuation of the automatic stay against Mr. Fifth, he suffers no prejudice or undue hardship. First, the Debtor's bank account is frozen by the bank. State law requires a motion in the State's Special Civil Part court for a release of the bank funds to Mr. Fifth. Debtor has the right to contest the turnover of those bank funds. Those funds are subject to protection under N.J. Court Rule 4:59-1 because they consist of electronically deposited social security payments of Debtor, and also, because the account is jointly owned with the Debtor's daughter. Moreover, the Debtor should be entitled to the protection of this Court and the relief that she is entitled to under the proposed Ch. 13 plan. In the event the Debtor's motion to vacate default judgment fails, and the frozen bank funds are not excluded from the writ of execution under R. 4:59-1, then the Ch. 13 plan proposes a 100% payment.

8. If this Court wishes to receive the entirety of the Debtor's state court motion papers on vacating Mr. Fifth's default judgment, undersigned counsel can provide them promptly.

9. In conclusion, I urge this Court to deny Mr. Fifth's objection to the limited lifting of the automatic stay so that my client can proceed with her due process of having the opportunity to challenge the default judgment and contest Mr. Fifth's contract claim, and also deny the cross-motion that would eliminate the Debtor's protections under the Bankruptcy Act.

The statements made herein are true and correct to my best knowledge and belief and I understand that if any such statements are willfully false that I am subject to punishment.

Date: December 8, 2020          MCFADDEN LAW FIRM,

                                s/Louis P. McFadden, Jr.